**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
IMPACT ENVIRONMENTAL CONSULTING,

                            Plaintiff,

          - against -

FELICIA CHILLAK , CAROL PESEK ,
JOHN PESEK, VIRGINIA KRYGER AND
ELIZABETH SUTHERLAND,

                            Defendants.
----------------------------------------------------------------X

**ORDER**

CV 15-6694 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Presently before the Court are two letter motions: (1) the September 1, 2016 application by Defendants Felicia Chillak, Virginia Kryger, and Elizabeth Sutherland ("the Chillak Defendants") requesting an Order compelling Plaintiff Impact Environmental Consulting ("Plaintiff") to respond to certain interrogatories [DE 32]; and (2) the September 1, 2016 application by Defendants Carol Pesek and John Pesek ("the Pesek Defendants") seeking an Order compelling Plaintiff "to produce copies of the purportedly 'confidential,' 'sensitive,' and 'proprietary' emails and attachments" listed in Plaintiff's "Email Log" [DE 33]. The Email Log, which is attached to the Pesek Defendants' motion as Exhibit A, was not filed on ECF and has been provided in hard-copy to the Court. *See* DE 33-1. For the reasons explained below, both motions to compel are DENIED, without prejudice, and with the right to renew.

       As the Court informed the parties during the January 26, 2016 Initial Conference, "[i]f an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or

interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court." DE 20 ¶ 8. Local Rule 37.1 states:

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1; *see* Local Rule 5.1 ("A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37 inclusive, or making or opposing any other motion or application, shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or that are cited in papers submitted in connection with any other motion or application."). To comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing party, followed directly by the opposing party's verbatim response to the particular request, followed immediately by the specific objection(s) counsel is raising and the basis for the objection (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.).

Counsel for the Chillak Defendants has not followed Rule 37.1 here. *See* DE 32. Rather than list the verbatim interrogatories and responses followed by his objections, counsel has summarized this information as well as his arguments why he believes the Plaintiff's responses are deficient. *See* DE 32. Counsel has also attached "portions" of the disputed interrogatories as

an exhibit to his motion. *See id.* at 4-5. The Court should not have to flip flop between the body of the motion and an exhibit in order to rule on the disputed discovery demands – indeed, Local Rule 37.1 was intended to avoid such a time-consuming exercise. Moreover, Local Rule 37.1 requires the verbatim demands, not summaries or portions of those demands. Finally, the Court points out that counsel has not cited any supporting case law in his motion.

For these reasons, the Court declines at this juncture to rule on the individual interrogatories identified in the Chillak Defendants' motion to compel. The motion is therefore DENIED, without prejudice, and with the right to renew once the papers comply with Local Civil Rule 37.1. Counsel is expected to refer to relevant case law to support his position/objection as to the disputed discovery demands. Further, as the Court stated during the Initial Conference, "[d]iscovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1." DE 20 ¶ 8 (emphasis omitted).

Turning to the Pesek Defendants' motion to compel the documents listed in Plaintiff's Email Log, the Court finds that this motion is also procedurally defective. *See* DE 33. Primarily, the motion lacks any certification that, prior to seeking judicial intervention, counsel met and conferred in good faith pursuant to their obligations under Local Rule 37.3 in an effort to resolve the dispute. The Court made clear during the Initial Conference "[a]ny motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party." DE 20

¶ 8 (emphasis omitted). The Court further notes that there could not have been a good-faith meet-and-confer here since counsel for the Pesek Defendants would have the Court review and rule on every single one of the 92 entries in Plaintiff's Email Log. *See* DE 33. The Court has no intention in undertaking such a task when counsel have not fulfilled their obligations under Local Rule 37.3.

In addition, the Court notes that counsel for the Pesek Defendants cannot simply object on a wholesale basis to Plaintiff's Email Log. If counsel wishes to compel the production of the documents listed in the log, he must separate out his arguments as to each document or each type/category of documents. Also, to the extent that counsel asserts that the Email Log is not responsive to specific discovery demands served by the Pesek Defendants, counsel's motion must comply with Local Rule 37.1, as outlined by the Court above. The Court expects counsel to refer to relevant case law to support his position/objection as to the respective discovery demand.

For these reasons, the Pesek Defendants' motion to compel is DENIED, without prejudice, and with leave to renew, once it complies with Local Rules 37.1 and 37.3.

Notwithstanding this ruling, the Court will briefly address certain deficiencies in the Email Log Plaintiff provided to the Pesek Defendants. First, the fact that Plaintiff believes the documents listed in the Email Log are "sensitive, proprietary, or confidential" does not provide a valid basis to withhold those materials from discovery. *Id.* at 1. If Plaintiff had concerns regarding the disclosure of the Email Log documents due to their confidential nature, those concerns should have been addressed in the parties' Stipulation and Order Regarding Confidential Information, which the Court "so ordered" on March 16, 2016. *See* DE 27. In particular, the parties could have included a specific protocol for disseminating the Email Log

documents during the litigation, such as an "Attorneys' Eyes Only" provision. The parties can still amended the Confidentiality Order to address these concerns. As it stands, however, Plaintiff cannot rely on the "sensitive, proprietary, or confidential" nature of the Email Logs documents as the sole basis for declining to produce them.

Second, to the extent Plaintiff claims that the documents listed in the Email Log are privileged, they have not provided the Pesek Defendants with an adequate privilege log. It is well-settled in this Circuit that "the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987), *cert. denied*, 481 U.S. 1015 (1987)). Under Fed. R. Civ. P. 26(b)(5), a party withholding documents based on privilege or work-product protection must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This must be done for each entry on the privilege log. Local Civil Rule 26.2 further requires that the party asserting the privilege "shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked," as well as:

> (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]

Local Rule 26.2(a)(1), (2)(A).

This information is typically provided in an itemized privilege log, which "shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court." Local Rule 26.2(b). "A privilege log is adequate when, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed . . . . " *Aiossa v. Bank of Am., N.A.*, No. CV 10-01275 JS ETB, 2011 WL 4026902, at *9-*10 (E.D.N.Y. Sept. 12, 2011) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)); *see, e.g.*, *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41, 47 (E.D.N.Y. 2011).

Plaintiff's Email Log does not include enough information to meet these standards. For each entry, Plaintiff has provided the date of the email, the recipients, the author, the subject of the email, and a brief description of the attachments (if any). However, the Email Log does not identify the nature of the privilege being asserted for any of the documents, *see* Local Rule 26.2(a)(1), nor does it set forth specific facts as to each document "that, if credited, would suffice to establish each element of the privilege or immunity." *Aiossa*, 2011 WL 4026902, at *10. In short, Plaintiff has provided no explanation as to what privilege applies to each document and why the documents fall under the claimed privilege.

Accordingly, to the extent Plaintiff asserts that any of the documents it is withholding are privileged, those documents must be separated out from the documents claimed to be "confidential" and listed in separate privilege log sufficient to meet the standards set forth in Fed. R. Civ. P. 26(b)(5), Local Rule 26.2, and the applicable Second Circuit case law. The privilege log must be served on the Pesek Defendants within 14 days of this Order. Failure to do so will result in a waiver of the asserted privilege in the withheld information. *See United States*

*v. Construction Products Research, Inc.*, 73 F .3d 464, 473 (2d Cir. 1996) (failure to provide adequately detailed court-ordered privilege log waives privilege).

If upon review of Plaintiff's privilege log, the Pesek Defendants believe that Plaintiff is improperly withholding documents, the Court is directing the parties to have a meet-and-confer in an effort to resolve the Pesek Defendants' objections. The meet-and-confer is to take place no later than October 6, 2016. If counsel are unable to resolve the issues after the meet-and-confer, counsel for the the Pesek Defendants may move to compel production of the documents listed in the privilege log which he believes are not privileged. That motion must be filed by October 19, 2016 or the Court will deem the objections waived.

Based on the foregoing analysis, Defendants' letter motions [DE 32 & DE 32] are DENIED, without prejudice, and with the right to renew. In light of these rulings, Plaintiff's September 7, 2016 application for extension of time to respond to Defendants' letter motions [DE 34] has been rendered MOOT. Accordingly, the Court is terminating that motion.

Dated: Central Islip, New York
      September 8, 2016

**SO ORDERED**.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge